FILED
APR 10 2018
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:15CR10–HEH
)
LEON WILLIAM PHILLIPS, JR., )
)
    Petitioner. )

## MEMORANDUM OPINION
### (Denying 28 U.S.C. § 2255 Motion)

Leon William Phillips Jr., a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence ("§ 2255 Motion," ECF Nos. 29, 29–1).[1] The Government has responded, arguing that Phillips's § 2255 Motion is barred by the statute of limitations. (ECF No. 31.) Phillips has not replied. For the reasons set forth below, Phillips's § 2255 Motion will be denied.

## I. PROCEDURAL HISTORY

On January 20, 2015, a grand jury charged Phillips with one count of possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base. (Indictment 1, ECF No. 1.) On April 24, 2015, Phillips pled guilty to the one-count Indictment. (Plea Agreement ¶ 1, ECF No. 17.) Prior to sentencing, a Probation Officer determined that Phillips was "eligible for an enhancement under the Career Offender provision pursuant to USSG §4B1.1. [Phillips] qualifies for the enhancement because he

---

[1] The Court employs the pagination assigned to Phillip's § 2255 Motion by the CM/ECF docketing system. The Court corrects the spelling and capitalization in quotations from Phillip's § 2255 Motion.

was at least 18 years old at the time he committed the instant offense; the instant offense is a controlled substance offense." (Pre-Sentence Investigation Report ("PSR") ¶ 20, ECF No. 22.)[2] On July 24, 2015, the Court entered judgment against Phillips and sentenced him to 151 months of imprisonment. (J. 2, ECF No. 26.) Phillips did not appeal.

On June 2, 2017, Phillips placed the present § 2255 Motion in the prison mail system for mailing to this Court. (ECF No. 29, at 13.) The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In his § 2255 Motion, Phillips raises a single claim for relief: "that his sentence is in violation of the Constitution in light of the Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2443 (2016)." (ECF No. 29–1, at 2.)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> **(f)** A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] Phillips's two predicate felony offenses were a 2001 conviction of conspiracy to possess with intent to distribute and distribute five grams or more of cocaine base, and a 2012 conviction of possession with intent to distribute imitation or counterfeit control substance. (PSR ¶ 20.)

2

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### A.  28 U.S.C. § 2255(f)(1)

Because Phillips did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Friday, August 7, 2015, the last date to file an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D. Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)). Hence, Phillips had until Monday, August 8, 2016 to file any motion under 28 U.S.C. § 2255. Because Phillips did not file his § 2255 Motion until June 2, 2017, the Motion is untimely pursuant to 28 U.S.C. § 2255(f)(1).

### B.  Belated Commencement

The Court construes Phillips to argue that his § 2255 Motion is timely under 28 U.S.C. § 2255(f)(3) because the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2443 (2016), is a new right that is retroactively applicable to cases on collateral review. (*See* ECF No. 29, at 12.)

In order to obtain a belated commencement of the limitation period under § 2255(f)(3), a petitioner "must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral

3

review'; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012). If the Supreme Court "decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from [the Supreme] Court's decision within which to file his § 2255 motion." *Dodd v. United States*, 545 U.S. 353, 358–59 (2005) (emphasis added). Under that provision, "[t]he meaning of 'right asserted' in 28 U.S.C. § 2255[(f)](3) is the substantive right that forms the basis for the § 2255 motion . . . ." *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007).

Phillips is incorrect that *Mathis* recognized a new right that is retroactively applicable to cases on collateral review. In *Mathis*, the Supreme Court reaffirmed the approach by which courts should determine if a prior conviction is one of the enumerated violent felonies set forth in 18 U.S.C. § 924(e)(2)(B)(ii) for purposes of the Armed Career Criminal Act ("ACCA"). 136 S. Ct. at 2247–48. Specifically, *Mathis* requires that courts use the modified categorical approach, meaning that courts must compare the elements of the state crime with the generic version of the enumerated federal offense. *Id.* at 2248 (citing *Taylor v. United States*, 495 U.S. 575, 600–01 (1990)). *Mathis*, however, is not a new right that triggers the belated commencement provision of 28 U.S.C. § 2255(f)(3). *See United States v. Brunson*, No. 3:12CR113, 2017 WL 1250996, at *2 (E.D. Va. Apr. 3, 2017) (citations omitted), *appeal dismissed*, 697 F. App'x 143 (4th Cir. 2017); *cf. In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a second or successive application under 28 U.S.C. § 2255(h)(2) because petitioner made no showing that *Mathis* set forth a new rule of constitutional law made retroactive

4

to cases on collateral review). Therefore, Phillips cannot rely upon the *Mathis* decision to render his § 2255 Motion timely filed. Phillips has failed to demonstrate any basis for excusing his failure to comply with the statute of limitations.[3]

### III. CONCLUSION

For the foregoing reasons, Phillips's § 2255 Motion (ECF No. 29) will be denied. The action will be dismissed. A certificate of appealability will be denied.

An appropriate Order shall issue.

/s/
Henry E. Hudson
United States District Judge

Date: April 9, 2018
Richmond, Virginia

---

[3] Neither Phillips nor the record suggest a basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2) & (4), or for equitable tolling.

5